# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:08CR00006 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CHRISTOPHER JASON KISTLER**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Joel C. Hoppe, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Christopher Jason Kistler, is charged with nine counts of transmitting in interstate commerce a communication containing a threat to injure the person of another, in violation of 18 U.S.C.A. 875(c) (West 2000).[1] The indictment returned against the defendant states in its entirety as follows:

> The Grand Jury charges that:
>
> 1. On or about the following dates, in the Western District of Virginia and elsewhere, CHRISTOPHER JASON KISTLER transmitted in interstate commerce a communication containing a threat to injure the person of another, namely victims "A" and "B".

---

[1] "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C.A. § 875(c).

| COUNT | DATE | VICTIM |
|-------|------|--------|
| ONE | 2/10/2007 | A |
| TWO | 3/12/2007 | A |
| THREE | 4/7/2007 | A |
| FOUR | 4/14/2007 | A |
| FIVE | 7/8/2007 | B |
| SIX | 7/9/2007 | B |
| SEVEN | 7/11/2007 | B |
| EIGHT | 7/11/2007 (at a time different than in Count Seven) | B |
| NINE | 7/13/2007 | B |

2. All in violation of Title 18, United States Code, Section 875(c).

The defendant has moved to dismiss this indictment on the ground that it fails to allege the elements of the crime charged. The motion has been argued and is ripe for decision.

Rule 7(c)(1) requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Generally speaking, an indictment need only be detailed enough so that the accused may prepare his defense and prevent a subsequent prosecution in violation of the Double Jeopardy Clause. *See United States v. Daniels*, 973 F.2d 272, 274 (4th Cir. 1992). Nevertheless, "[e]very essential element of an offense must be charged in the body of an indictment, and the inclusion of a reference to the statute will not cure the failure to do so." *Id.*

The defendant argues that the indictment here is defective because it does not contain the specific words of the threats alleged. Without those words, he contends, the indictment contains an insufficient statement of the elements of the crime, since to be proscribed, the communication must contain a "true threat." The defendant concedes that in light of the government's "open file" discovery policy, he is fully aware of the words of the alleged threats.[2]

I find that the indictment is sufficient, if barely. Whatever the rule at common law, the modern rule is that all of the words of a threat need not be set forth in the indictment. *See Keys v. United States*, 126 F.2d 181, 184 (8th Cir. 1942) (holding that indictment charging attempt to extort money by threat to injure property or reputation was not defective because of its failure to set forth the alleged threatening letter, or its date or author); *United States v. Ahmad*, 329 F. Supp. 292, 294-97 (M.D. Pa. 1971) (holding that while it is not necessary to set forth in the indictment the threatening letters charged, it is not surplusage to do so). While the indictment in the

---

[2] According to the government, the alleged threats occurred during telephone conversations that were recorded. The recordings have been supplied to defense counsel. The defendant contends that words show that at least some of the alleged threats were not "true threats." In order to prove a violation of 18 U.S.C.A. § 875(c), the government must establish that the communication contained a "true threat." *United States v. Darby*, 37 F.3d 1059, 1066 (4th Cir. 1994). This means that "an ordinary, reasonable [person] who is familiar with the context of the [communication] would interpret it as a threat of injury," even if the intended victim never received it. *United States v. Spring*, 305 F.3d 276, 280-81 (4th Cir. 2002) (internal quotation omitted).

- 3 -

present case is bare bones, it narrowly passes constitutional muster, with its recitation of the dates of the communications and indication, at least by letter of alphabet, of the two victims.[3]

For these reasons, it is **ORDERED** that the Motion to Dismiss Indictment (#18) is DENIED.

ENTER: June 11, 2008

/s/ JAMES P. JONES
Chief United States District Judge

---

[3] The government says that it did not identify the victims by their names in order to protect their privacy. The defendant, of course, is aware of the names through discovery.